Pat Lundvall (NVSBN 3761)
McDonald Carano LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Tel: (702) 873-4100
plundvall@mcdonaldcarano.com

James V. Masella, III (pending admission *pro hac vice*)
Jesse A. Townsend (pending admission *pro hac vice*)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
Tel: (212) 336-2000
jmasella@pbwt.com
jtownsend@pbwt.com

*Attorneys for Defendants Robert Lee, Steve Roberts, Edward Yew, Brian Morales, and Jon Tondeur and Nominal Defendant Zoompass Holdings, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| AIRICK JOHNSON, Derivatively on behalf of Nominal Defendant, ZOOMPASS HOLDINGS INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT LEE, STEVE ROBERTS, EDWARD YEW, BRIAN MORALES, AND JON TONDEUR, <br><br> Defendants, <br><br> and <br><br> ZOOMPASS HOLDINGS, INC. <br><br> Nominal Defendant. | Case No. 2:17-cv-02949-JAD-CWH <br><br> **STIPULATION AND ORDER STAYING PROCEEDINGS** <br><br> ECF No. 6 |

WHEREAS Plaintiff Airick Johnson filed his Complaint on July 26, 2017 in which he alleged, among other things, breaches of fiduciary duty, corporate waste, gross mismanagement, unjust enrichment, and waste of corporate assets derivatively on behalf of Nominal Defendant Zoompass Holdings, Inc. (the "Nominal Defendant") against Defendants Robert Lee, Steve

Roberts, Edward Yew, Brian Morales, and Jon Tondeur (collectively, the "Individual Defendants," and together with the Nominal Defendant, the "Defendants");

WHEREAS pending before the United States District Court for the District of New Jersey is *Patel v. Zoompass Holdings, Inc.*, Case No. 2:17-cv-03831-JLL-JAD (D. NJ May 30, 2017) (the "Securities Class Action"), a putative class action alleging violations of the Securities Exchange Act of 1934 and regulations promulgated thereunder;

WHEREAS the parties to the Securities Class Action have stipulated that Defendants shall answer, move, or otherwise respond to Plaintiff's Amended Complaint on or before 60 days from November 20, 2017, the filing date of the Amended Complaint;

WHEREAS Plaintiff's Complaint in the above-captioned matter alleges certain misconduct that is similar to the misconduct alleged in the Securities Class Action;

WHEREAS Plaintiff, the Individual Defendants, and the Nominal Defendant wish to promote the efficient and orderly administration of justice by coordinating this derivative action with the Securities Class Action;

WHEREAS when this matter was pending in the District Court for Clark County, Nevada, Plaintiff, the Individual Defendants, and the Nominal Defendant had entered into a stipulation that included Paragraphs 1-11, *infra*, and counsel for the Individual Defendants and the Nominal Defendant accepted service of the Complaint on behalf of all Defendants, including the Individual Defendants who had not previously been served; and

WHEREAS the Individual Defendants have removed this action to the United States District Court for the District of Nevada, and in consideration for Plaintiff's consent to the same, have agreed to stipulate to Paragraphs 1-11, *infra*.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel for the Plaintiff, the Individual Defendants, and the Nominal Defendant that:

(1) By authorizing their counsel to accept service on their behalf, the Individual Defendants waive any and all objections to the absence of summons or of service, but do not waive any other defense, objection, or ground for dismissal that they may have

4828-3920-5207, v. 2

otherwise raised in response to this action, including but not limited to any objection to the Court's jurisdiction or venue of the action.

(2) All activity in the above-captioned matter shall be stayed, and the Defendants shall need not answer, move, or otherwise respond to Plaintiff's Complaint, or any amended complaint, during the pendency of the stay;

(3) During the pendency of the stay, should any of the Defendants produce any documents to (i) any plaintiffs in the Securities Class Action, (ii) any plaintiffs in any related derivative actions, or (iii) any purported shareholders who make a books and records demand, Defendants will produce to Plaintiff a copy of the same documents, subject to the parties entering into a confidentiality agreement and/or protective order;

(4) During the pendency of the stay, Defendants shall include Plaintiff in any mediation and any formal settlement talks with the plaintiffs in the Securities Class Action and shall include Plaintiff in any mediation and any formal settlement talks with any plaintiff in any related derivative lawsuit;

(5) Plaintiff may lift the stay of the above-captioned matter at any time by (i) making a request to the Court, and (ii) by transmitting notice to counsel for the nominal defendant via e-mail at the e-mail addresses listed below;

(6) Defendants shall promptly notify Plaintiff of any related derivative lawsuits that any of them become aware of;

(7) During the pendency of the stay, Plaintiff may amend the Complaint;

(8) The Individual Defendants and the Nominal Defendant shall answer, move, or otherwise respond to Plaintiff's Complaint, or instead the operative amended complaint, if any amended complaint has been filed, within sixty (60) days after they receive a request to lift the stay, except as described in Paragraph 10, *infra*;

(9) Should any other derivative case be filed in any forum subsequent to the above-captioned matter that alleges and seeks relief from the same or similar alleged misconduct as that alleged in the above-captioned matter, the Individual Defendants

3

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

and the Nominal Defendants shall either agree to, or move for, a stay of said later-filed action;

(10) Should a later-filed action such as is described in Paragraph 9, *supra*, not be stayed, Plaintiff in the above-captioned matter may lift the stay of the above-captioned matter by following the requirements of Paragraph 5, *supra*, but in such circumstance the Individual Defendants and the Nominal Defendant shall answer, move, or otherwise respond to Plaintiff's Complaint, or instead the operative amended complaint, if any amended complaint has been filed, within twenty (20) days after they receive a request to lift the stay; and

(11) Should any other derivative case be filed in any forum that alleges and seeks relief from the same or similar alleged misconduct as that alleged in the above-captioned matter, the Individual Defendants and the Nominal Defendant shall never move to stay the above-captioned action in deference to the later-filed action.

Dated: December 13, 2017.

MCDONALD CARANO, LLP

By: /s/ Pat Lundvall
Pat Lundvall (NVSBN 3761)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Tel: (702) 873-4100
plundvall@mcdonaldcarano.com

**ORDER**

**Based on the parties' stipulation [6] and good cause appearing, IT IS SO ORDERED.**

_____
U.S. District Judge Jennifer Dorsey
December 14, 2017

James V. Masella, III (pending admission *pro hac vice*)
Jesse A. Townsend (pending admission *pro hac vice*)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Tel: 212-336-2000
jmasella@pbwt.com
jtownsend@pbwt.com

*Attorneys for Defendants Robert Lee, Steve Roberts, Edward Yew, Brian Morales, and Jon Tondeur and for Nominal Defendant Zoompass Holdings, Inc.*

4828-3920-5207, v. 2

*[handwritten: STIP TO STAY PROCEEDINGS]*

LEVERTY & ASSOCIATES LAW CHTD.

By: _____
Patrick R. Leverty, Esq.
Reno Gould House
832 Willow Street
Reno, Nevada 89502
Tel: (775) 322-6636
pat@levertylaw.com

*Liaison Counsel for Plaintiff*

THE BROWN LAW FIRM, P.C.
Timothy W. Brown, Esq.
240 Townsend Square
Oyster Bay, New York 11771
Tel: (516) 922-5427
tbrown@thebrownlawfirm.net

*Attorneys for Plaintiff*

5